# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| RICHARD ZEITLIN; UNIFIED DATA SERVICES, LLC; COMPLIANCE CONSULTANTS, LLC; AND AMERICAN TECHNOLOGY SERVICES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FEDERAL TRADE COMMISSION,<br><br>Defendant. | 2:19-cv-00698-JCM-VCF<br>**ORDER**<br><br>MOTION TO STAY DISCOVERY [ECF NO. 27] |

Before the Court is defendant United States Federal Trade Commission's motion to stay discovery. (ECF No. 27).  The FTC's motion to stay is granted.

## BACKGROUND

Plaintiffs Richard Zeitlin and his companies bring Administrative Procedure Act and First Amendment challenges against the FTC regarding a 2016 FTC advisory letter interpreting its Telemarketing Sales Rule (TSR). (ECF No. 1 at 5). Pursuant to the" robocall" provision of the TSR, the FTC prohibits telemarking calls that "deliver[] a prerecorded message" unless the call recipient has consented. See 16 C.F.R. § 310.4(b)(1)(v)(A). The FTC opined in the 2016 advisory letter that the robocall provision of the TSR applies to telemarketing calls that utilize soundboard technology. (ECF No. 1 at 3). Plaintiffs allege that the advisory letter subjects them to civil penalties. (*Id.* at 17).

The FTC has moved to dismiss the complaint, arguing that this Court lacks jurisdiction over any of plaintiffs' claims because (1) they lack standing to sue; (2) their challenge to a 2016 advisory letter is unripe; (3) the 2016 advisory letter is not a reviewable "final agency action" under the Administrative

1

Procedure Act (APA), 5 U.S.C. § 704; and (4) their facial challenge to a 2008 rule is barred by the six-year statute of limitations in 28 U.S.C. § 2401(a). (ECF No. 19 at 2-3). The FTC also argues that plaintiffs' lawsuit raises claims that have already been rejected by the U.S. District Court for the District of Columbia and the D.C. Circuit.[1]  (*Id.* at 2). The FTC now moves to stay discovery pending resolution of its motion to dismiss. (ECF No. 27). The FTC argues in its motion to stay that the pending motion to dismiss will dispose of the entire case and that the motion to stay can be decided without discovery because the FTC does not raise any factual issues. (*Id*. at 3-4).

Plaintiffs argue in their response that there are no good-faith jurisdictional challenges as to counts three and four[2] in their complaint, but plaintiffs do not object to a stay of discovery as to the other counts until this Court rules on the FTC's motion to dismiss. (ECF No. 29 at 2). The Court granted the parties' stipulation to defer the Rule 26(f) scheduling conference and submission of a scheduling order until after the Court has ruled on the motion to stay.  (ECF No. 31). The motion is fully briefed. (ECF Nos. 27, 29, and 34).

## ANALYSIS

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Whether to grant a stay is within the discretion of the court.  *Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984).  "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing

---

[1] See *Soundboard Ass'n v. FTC*, 251 F. Supp. 3d 55 (D.D.C. 2017) (*Soundboard I*); *Soundboard Ass'n v. FTC*, 254 F. Supp. 3d 7, 11 (D.D.C. 2017) (*Soundboard II*); and *Soundboard Ass'n v. FTC*, 888 F.3d 1261 (D.C. Cir. 2018), cert. denied, 2019 WL 1590248 (Apr. 15, 2019) (*Soundboard III*).

[2] Count three in plaintiffs' complaint alleges that the 2008 amendments to the TSR filing fee violates the APA by contravening plaintiffs' First Amendment rights and count four alleges that the 2008 amendments to the TSR violate plaintiffs' First Amendment rights.

why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.  While "a pending [m]otion to [d]ismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery," "[c]ommon examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 654 (D. Nev. 1989).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed.  *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* It is "[c]ommon" for courts to "stay[] discovery pending a ruling on a dispositive motion" raising "issues of jurisdiction." *Id.* at 601.

Without prejudging the outcome of the motion to dismiss, the Court finds there is a significant likelihood that the claims against the FTC will be considerably limited in scope if not eliminated entirely when the Court decides the pending motion to dismiss. A pending motion to dismiss based on lack of jurisdiction is a compelling argument in favor of staying the proceedings: defendant does not object to the stay of discovery on this ground, except as applied to counts three and four. The FTC's assertions that plaintiffs' counts three and four (the facial challenges to the 2008 rule) are time barred by the six-year statute of limitations is also a compelling argument in favor of staying all proceedings. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss has merit, may resolve most if not all issues in controversy, and demonstrates good cause to stay discovery.

Accordingly, and for good cause shown,

1  IT IS ORDERED that the defendant's motion to stay discovery (ECF No. 27), pending resolution
2  of the motion to dismiss is GRANTED.
3  DATED this 27th day of August 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE