ALDEN F. ABBOTT
General Counsel
BRADLEY DAX GROSSMAN
Mass. Bar No. 669358
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Washington, D.C. 20580
Telephone: 202-326-2994
Email: *bgrossman@ftc.gov*

*Attorneys for the Federal Trade Commission*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD ZEITLIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FEDERAL TRADE COMMISSION, <br><br> Defendant. | Case No. 2:19-cv-698-JCM-VCF <br><br> **Response of Defendant Federal Trade Commission to Plaintiffs' Second Notice of Relevant Supplemental Authority** |

The Federal Trade Commission submits this response to plaintiffs' Notice (ECF No. 38) describing two Executive Orders issued in October 2019. Plaintiffs filed these supplemental authorities without seeking leave of court, contrary to LR 7-2(g). Should the Court decide to consider plaintiffs' new filing, the FTC's position is that the Executive Orders have no bearing on the Court's resolution of this case.

Executive Order 13891, "Promoting the Rule of Law Through Improved Agency Documents," does not apply to independent agencies such as the FTC.[1] Plaintiffs nonetheless quote this Order's statement that agencies have improperly "attempt[ed] to regulate the public without following the rulemaking procedures of the APA." ECF No. 38

---

[1] Section 2(a) of Executive Order 13891 defines "agency" as having the meaning given in section 3(b) of Executive Order 12866, "Regulatory Planning and Review," which exempts "independent regulatory agencies" from its scope. *See also* 44 U.S.C. § 3502(5) (listing the FTC as an "independent regulatory agency").

at 1 (quoting 84 Fed. Reg. 55235, 55235 (Oct. 9, 2019)). But, as the FTC established in its Motion to Dismiss and Reply Brief, the 2016 FTC staff letter at issue in this case bore none of the hallmarks of an agency regulation. The letter only reflected the views of a subordinate official. Any new FTC regulations (or enforcement actions) must be approved by a majority vote of the Commission itself, which never even considered the issue. *See* ECF No. 19 at 12-15; ECF No. 28 at 3-5. The staff letter also carried no legal force: In any future enforcement case, the tribunal would need to decide whether the defendant violated the Telemarketing Sales Rule (TSR)—which, in relevant part, has not changed since 2008—regardless of the views expressed in the 2016 staff letter. *See* ECF No. 19 at 15-16; ECF No. 28 at 5-6.

Plaintiffs also cite Executive Order 13892, "Promoting the Rule of Law Through Transparency and Fairness in Civil Administrative Enforcement and Adjudication," which does apply to independent agencies. This Order principally requires that agencies "establish a violation of law by applying statutes or regulations" and forbids them from "treat[ing] noncompliance with a standard of conduct announced solely in a guidance document as itself a violation of applicable statutes or regulations." 84 Fed. Reg. 55239, 55240 (Oct. 9, 2019).[2] But plaintiffs do not allege that the FTC has ever treated the 2016 staff letter as the governing standard of conduct in an enforcement action. As discussed above, in any enforcement case the FTC would establish law violations by applying the TSR's 2008 ban on "prerecorded message[s]," 16 C.F.R. § 310.4(b)(1)(v), and therefore would not proceed on the basis of "a standard of conduct announced solely in a guidance document." 84 Fed. Reg. at 55240.[3]

---

[2] This Order does not "create any right or benefit, substantive or procedural, enforceable" against the United States or its agencies. 84 Fed. Reg. at 55242.

[3] The 2016 staff letter does not even qualify as a "guidance document" subject to this Executive Order, since it is not an "agency statement of general applicability," 84 Fed. Reg. at 55240, but only reflects the views of staff.

2

Although Zeitlin seeks to rely on Executive Order 13892's definition of a "legal consequence" (ECF No. 38 at 2), the Order did not overturn Ninth Circuit precedent holding that advisory guidance does *not* produce legal consequences simply because it may result in "a greater risk of increased fines" by placing a party on notice of its legal duties. ECF No. 28 at 6 (quoting *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 595 (9th Cir. 2008)).

Respectfully submitted,

| | |
|---|---|
| NICHOLAS A. TRUTANICH<br>United States Attorney | ALDEN F. ABBOTT<br>General Counsel |
| BRIAN W. IRVIN<br>Assistant United States Attorney | JOEL MARCUS<br>Deputy General Counsel |
| 501 Las Vegas Boulevard South<br>Suite 1100<br>Las Vegas, Nevada 89101<br>702-388-6336<br>brian.irvin@usdoj.gov | /s/ Bradley Grossman<br>BRADLEY DAX GROSSMAN<br>Attorney<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Ave., N.W.<br>Washington, DC 20580<br>Tel.: (202) 326-2994<br>Email: bgrossman@ftc.gov |
| Dated: December 20, 2019 | |

**Certificate of Service**

I hereby certify that on December 20, 2019, I electronically filed and served the foregoing RESPONSE TO PLAINTIFFS' SECOND NOTICE OF RELEVANT SUPPLEMENTAL AUTHORITY with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system.

                                                 */s/ Bradley Grossman*
                                                 BRADLEY DAX GROSSMAN
                                                 Attorney, Federal Trade Commission